OWEN, Judge
(dissenting).
Appellant was convicted of assault with intent to commit rape. I am satisfied that appellant has adequately demonstrated two grounds of reversible error, the first of which would entitle him to discharge, and *33 the second of which would entitle him to a new trial.
By bill of particulars the State specified that the offense charged in the information occurred on November 29, 1970 between the hours of 1:00 A.M. and 5:00 A.M. On direct examination, in response to the prosecutor’s request to describe what happened to her on November 29, 1970, the victim testified as to the assault upon her, identifying appellant as the culprit. On cross-examination she admitted that she did not know the date of the offense which she described, and in fact could not even state the month in which it occurred. The State offered no other evidence as to the date of the offense which the victim had described. Appellant, testifying in his own behalf, denied having committed the offense and sought to prove alibi through his own testimony and that of other witnesses. The date of the alleged offense, narrowed as it was by the bill of particulars, was an essential element of the State’s case. In my opinion it was not proven and it was error for the court to have denied appellant’s motion for judgment of acquittal at the close of all the evidence.
As part of the State’s case in chief, and over appellant’s objection, the court permitted into evidence a tape recording of certain testimony given at a preliminary hearing. The preliminary hearing was in connection with two separate charges against appellant, one being the instant case and the other being a similar charge involving an alleged assault upon one Brenda Welch at a subsequent date. Testifying at the preliminary hearing were the two alleged victims. Putting aside the questions of (1) whether the State made an adequate showing of the unavailability of Brenda Welch at time of trial, (2) the relevancy of her testimony, and (3) the absence of any basis to justify use of the preliminary hearing testimony of the prosecuting witness in the instant case, the unedited tape concluded with the Magistrate’s announced ruling, plainly audible, of a “finding of probable cause” against appellant. In my opinion, this alone was so prejudicial as to justify granting appellant a new trial.